UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY JONES and § <br> AISLING JONES, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> CITY OF HOUSTON, § <br> A Municipal Corporation; § <br> OFFICER ADRIAN LOPEZ, § <br> Officially and Individually; and § <br> OFFICER SAMMY DELACRUZ, § <br> Officially and individually; § <br> Defendants. § | | CIVIL ACTION NO.: H-14-2728 |

## FIRST AMENDED COMPLAINT

Plaintiffs Wesley Jones and Aisling Jones, husband and wife, bring these causes of action against the Defendants seeking declaratory, compensatory, injunctive, and equitable relief alleging as follows:

### INTRODUCTION

1. This is an caution for money damages, declaratory, and injunctive relief brought pursuant to *42 U.S.C. §§1983 and 1988, the Fourth and Fifth Amendments to the United States Constitution*, and under the constitution and laws of the State of Texas against Officers Adrian Lopez and Sammy DeLaCruz in their individual and official capacities; and against Chief Charles McCelland, as the final policy maker for the City of Houston, individually and in his officially capacity, and against the City of Houston.

2. Plaintiffs alleged that Defendant officers came to their residence because a neighbor alleged that Plaintiff Wesley Jones had sprayed his dog with water from a garden hose. Upon hearing the approach of the officers, the Plaintiff's dog went to the front door to investigate. The

officers without just or reasonable cause or warrant shot the dog while the dog was still inside the Plaintiffs' home and then proceeded to chase and shoot the dog as the dog tried to escape with its life. As a direct result the family pet died.

## PARTIES

3. Plaintiff, WESLEY JONES, is an individual, and currently a citizen of the State of New York.

4. Plaintiff, AISLING JONES, is an individual, and currently a citizen of the State of New York.

5. Defendant CITY OF HOUSTON is a political subdivision of the State of Texas whose status and authority are derived from the Constitution of Texas and laws passed by the Texas Legislature under the authority of the Texas Constitution. The City of Houston acted by and through its policy-makers, agents, and employees. The City of Houston is located in Harris County, Texas, and may be served with process by serving the City Secretary, Ms. Anna Russell, at 900 Bagby Street, Office P101, Houston, Texas 77002.

6. Defendant, OFFICER ADRIAN LOPEZ, is a police officer employed by the City of Houston and is an individual who is a citizen of the State of Texas and can be served at his place of employment: Houston Police Department, Northwest Station at 6000 Teague Street, Houston, Texas 77041. Defendant is sued in his individual capacity and in his official capacity as Police Officer employed by the City of Houston, Texas. At all times material hereto, Defendant was employed as a law enforcement officer by the City of Houston. At all times material hereto, Defendant was acting under color of state law or local ordinance.

7. Defendant, OFFICER SAMMY DELACRUZ, is a police officer employed by the City of Houston and is an individual who is a citizen of the State of Texas and can be served at his place

of employment: Houston Police Department, IFR Division, at 61 Riesner Street, Houston, Texas 77002. Defendant is sued in his individual capacity and in his official capacity as Police Officer employed by the City of Houston, Texas. At all times material hereto, Defendant was employed as a law enforcement officer by the City of Houston. At all times material hereto, Defendant was acting under color of state law or local ordinance.

## JURISDICTION

8. The Court has jurisdiction over the lawsuit pursuant to *28 U.S.C. §§1331 and 1343* because the suit arises under the *Constitution of the United States* and *42 U.S.C. §1983* and pursuant to the *Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202*. This Court has supplemental jurisdiction over Plaintiffs' causes of action arising under the laws of the State of Texas pursuant to *28 U.S.C. §1367*.

## VENUE

9. Venue is proper in this district under *28 U.S.C. §1391(b)(1)* because Defendant City of Houston is located in this district and all Defendants reside in this state.

10. Venue is proper in this district under *28 U.S.C. §1391(b)(2)* because a substantial part of the events or omissions giving rise to this claim occurred in this district. The *Fourth and Fifth Amendments to the United States Constitution*, and under the laws of the State of Texas violations which give rise to the complained of violation under *42 U.S.C. §1983* and Texas State Statutes occurred at the Plaintiff's residence.

## FACTUAL BACKGROUND

11. During the evening of October 19, 2012, Houston Police Officers Lopez and Delacruz went to the home of Plaintiffs located at 1339 Tulane Street, Houston, Harris County, Texas, to investigate a purported and unsubstantiated disturbance call made by the Plaintiffs' neighbor.

12.As the officers approached the Plaintiffs' home, their beloved family pet dog known as Boss, was in the home and was alerted by the sound of someone approaching the home, went to the front door to investigate.

13.Plaintiff Wesley Jones was 10 to 15 feet from the door when he heard a knock at the front door.

14.Plaintiff Wesley Jones did not hear any barking or growling on the part of his pet dog Boss who was in the house.

15.Immediately following the knock Plaintiff Wesley Jones heard the first shot from a gun.

16.Upon seeing Boss approaching the front door, both officers drew their weapons and opened fire on Boss without just or reasonable cause or permission.

17.Boss made no aggressive move towards the officers, and was not a vicious dog as defined by Texas state law and was located within the confines of his home.

18.Prior to the day in question, Boss had no history of vicious behavior, Boss was not aggressive or had complaints about misbehaviors, and Plaintiffs never witnessed any vicious behaviors or aggressive behaviors on the part of Boss just prior to the shooting on the day in question.

19.At the time the first shots were fired, Boss was inside the Plaintiffs' home and the officers were outside the Plaintiffs' home.

20.The officers fired their weapons across the threshold of Plaintiffs' front door and into the Plaintiffs' home at Boss without permission or with reasonable cause.

21.Boss was hit by gun fire while still inside Plaintiffs' house.

22.Boss then ran out the front door passing the officers trying to escape to the side of his home where he kept his toys.

23. Officers Lopez and Delacruz chased Boss down and continued to fire their weapons never leaving Plaintiffs' property.

24. Boss was not a danger or threat to the officers and not a threat to any other person.

25. Boss bled to death after sustaining several gunshot wounds from Officers Lopez and Delacruz.

26. Officers Lopez and Delacruz never confirmed or addressed the purported disturbance call or investigated the original purpose for their presence at Plaintiffs' front door.

27. By Policy of the City of Houston as authorized by Defendant McCelland when a Houston Police Officer shoots a dog, the only investigation conducted is by the on-duty supervisor who as a matter of routine approves such use of deadly force and destruction of private property. No records exist with the City of Houston of a police officer being disciplined or sent for additional training for using his department issued weapon to kill or injure a family dog.

28. Prior to March 26, 2007, all discharges of a firearm by an officer were previously investigated by the Internal Affairs Division, including the shooting of dogs. That previous procedure was abandoned in an effort to save time and resources.

29. The current policy has resulted or perpetuated a complete lack of accountability for the shooting of family pets, particularly dogs, which has fostered an environment of callous indifference to the destruction of a citizen's personal property allowing Houston Police Officers to believe that such is allowable conduct in every instance.

30. The Plaintiffs filed a complaint with the Houston Police Department after the destruction of their family pet.

31. The Internal Affairs Division of the Houston Police Department summarily ruled the shooting of Boss was justified because Officers Lopez and Delacruz's account of the shooting was

given complete deference, and the information provided by Plaintiffs was as a matter of routine disbelieved, minimized, and discounted in favor of the officers.

32. There has never been an instance where a Houston Police officer has been disciplined or required to attend remedial training for killing a family pet.

33. No training is provided to Houston police officers regarding recognition of dangerous or vicious dogs versus frightened or protective dogs. As a result, the police officers for the City of Houston by a pattern and or practice regularly believe that they can shoot and kill a dog in its residence regardless of the circumstances and can utilize simple boiler plate language such as "they feared for their safety" in order to pass any type of investigative review.

34. Since January 1, 2010 there have been 187 dog shootings by officers the Houston Police Department and all shootings were deemed to be justified by HPD.

35. Nationally, the issue of dog shootings by police is so widespread that in August of 2011, the Office of Community Oriented Policing Services, a component of the U.S. Department of Justice, issued a report entitled *The Problem of Dog-Related Incidents and Encounters*. This report suggests that police departments add specialized training to teach officers how to safely interact with dogs to avoid unnecessary destruction of family pets.

36. Plaintiffs' property was seized without probable cause or by a valid warrant by Officers Lopez and Delacruz, who were acting in the course and scope of their employment as Houston police officers for the City of Houston.

37. Plaintiffs' property was destroyed by officers, who were acting in the course and scope of their employment as Houston police officers for the City of Houston.

38. Defendants used unreasonable, unnecessary, and excessive force against Plaintiffs' property and refused to evaluate other less obtrusive means of securing the dog other than by a

routine execution of the animal that was in their way.

39. The injuries suffered by Plaintiffs were significant, substantial, and severe. Plaintiffs lost the use of their tangible personable property, and loss of their beloved pet of over 8 years, including the hours and money spent on caring for the animal.

40. At the time of the shooting, Officers Lopez and Delacruz were acting under color of the laws and regulations of the State of Texas and the Houston Police Department.

41. At the time of the shooting, Defendant McClelland was the chief law enforcement officer and policy maker for the Houston Police Department.

42. At the time of the shooting and all times prior to the shooting, the Houston Police Department had no policy requiring it's officers be trained in dog behaviors and/or the appropriate use of non-lethal tools or alternatives to deadly force and the force continuum as it relates to encounters with the family dog in its home.

43. The Houston Police Department's lack of policy or refusal to enforce any policy or not having a meaningful review of dog shootings enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals and their property and pets. Specifically, the Houston Police Department had no policy in place or enforced regarding the handling and securing of domestic animals in the home.

### COUNT I
### 42 USC §§ 1983 and 1988

**DEFENDANT CITY OF HOUSTON
AND THE DEFENDANTS IN THEIR OFFICAL CAPACITY
VIOLATION OF FOURTH AND FIFTHAMENDMENTS**

44. Paragraphs 1 through 43 are incorporated by reference and Plaintiffs re-allege each allegation set forth above as though fully set forth herein.

45. The Houston Police Department's lack of policy or enforcement of any policy regarding

the securing of domestic animals, specifically dogs, and the lack of training in handling of domestic animals violated Plaintiff's clearly established rights under the *U.S. Constitution*:

    (A)    "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation..." *U.S. Constitution, Amendment IV.*

    (B)    "No person shall ...be deprived of life, liberty, or property, without due process of law." *U.S. Constitution, Amendment V.*

46.    Defendant McClelland, with reckless or callous indifference to the federally protected rights of Plaintiffs, did failing to train or supervise officers under his command by failing to train his officers in handling and securing of family pets, and which would have safeguarded the personal property of Plaintiffs; and by continuing the Houston Police Department's policy of no investigation by the Internal Affairs Division of all discharges of an officer's weapon thereby fostering an environment of callous indifference to the destruction of a citizen's personal property.

47.    This action is maintained against Defendant City of Houston for its practices, customs and policies, failure to enforce policies, or creating an atmosphere that allowed its police officers to believe that their actions are not subject to meaningful scrutiny or review or discipline all of which leads to the deprivation of Plaintiffs' rights within the meaning of *42 U.S.C. § 1983*.

48.    At all material times, the City of Houston failed to properly train and or supervise Officers Lopez and Delacruz to properly and readily and meaningfully identify the difference between a dog simply investigating the approach of strangers versus a vicious dog. Officers Lopez and Delacruz were police officers acting under the direction and control of the City of Houston.

49.    At all material times, the City of Houston failed to properly train and or supervise

Officers Lopez and Delacruz to properly approach a private residence that in all likelihood would contain a family pet to ensure that the personal property of the citizens of the City of Houston safe from arbitrary destruction or damage.

50. At all material times, the City of Houston failed to properly train and or supervise Officers Lopez and Delacruz to appropriately and proportionately respond to a family dog in its home and area of confinement and the amount of force reasonable for the situation.

51. Prior to October 19, 2012, the City of Houston developed and maintained policies and customs that promoted a deliberate indifference to the statutory and constitutional rights of the citizens of the City of Houston which caused the violation Plaintiffs' rights. Acting under color of law, pursuant to official policy or custom, or lack of policy or custom, the City of Houston, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs' rights, failed to instruct, supervise, control, and discipline on a continuing basis its police officers, including Officers Lopez and Delacruz, and their duties to refrain from:

    a. unlawfully and maliciously harassing a citizen who was in their private residence with their family pet accordance with his/her constitutional and statutory rights, privileges, and immunity with no regard for the sanctity of the homestead;

    b. unlawfully and maliciously barging onto or into a citizen's place of residence who regard for protected privacy rights who was acting in accordance with his/her constitutional and statutory rights, privileges, and immunities, including having possession of a pet dog for comfort or protection;

    c. unlawfully and maliciously destroying the family pet or other private property or otherwise using unreasonable and unnecessary force or threatening to use deadly force during an encounter with a citizen in their home or when entering a person's residential curtilage without a warrant with no respect for persons property;

    d. conspiring to violate the rights, privileges and immunities guaranteed to Plaintiffs' by the constitution and laws of the United States and the Constitution and laws of the State of Texas; and,

  e. otherwise depriving Plaintiffs' of their constitutional and statutory rights, privileges and immunities; and,

  f. allowing and encouraging officers to believe and act as if they are not subject to the same laws and are absolutely immune from oversight, discipline, or their actions are always justified regardless of the lack of reasonableness because they purported act under the color of law; and,

  g. failure to provide meaningful supervision regarding the actions of officers and failure to report or take meaningful disciplinary actions against an offending officer; and,

  h. failure to restrict or supervise use of force against family pets and protection of private property or private activities and properly train or supervise such activities and acceptable alternative conduct to provide for the safety of the general public and citizens who desire to seek the companionship of a family pet for comfort and or security around their private homes.

52. Defendant City of Houston had knowledge or, had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspiring to be done, heretofore alleged, were about to be committed by Officers Lopez and Delacruz when they approached Plaintiffs' residence.

53. The City of Houston had the power and responsibility to prevent or aide in preventing the commission of such wrongs and could have done so; however, City of Houston knowingly, recklessly, and/or with deliberate indifference or callous disregard of Plaintiffs' rights, failed and refused to do so.

54. It was the policy and/or custom of the City of Houston to inadequately supervise and train its police officers, including Officers Lopez and Delacruz, thereby failing to adequately discourage further constitutional violations on the part of its police officers including its Chief of Police. The City of Houston did not provide appropriate in-service training or retraining of officers who were known to engage in police misconduct in entering a private residence and

confronting a family pet or provide alternatives other than wholesale destruction of the family pet.

55. Defendant City of Houston directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of police officers heretofore described.

56. At all material times, the City of Houston failed to properly train or supervise Officers Lopez and Delacruz to recognize and react to situations that might require de-escalation or disengagement rather than destruction of property, use of force and threats of death to the family pet and allowing the officers to justify their actions for any reason.

57. At all material times, the City of Houston failed to properly train or supervise Officers Lopez and Delacruz to properly identify when circumstances properly required them to draw and/or display their firearms when coming into contact with the family dog.

58. At all material times, the City of Houston failed to properly train Officers Lopez and Delacruz not to use their firearms, when there is little to no real threat to themselves or the public safety and to recognize animal behavior, especially dogs, in their home environment.

59. As a result of numerous failings in training its agents, Officers Lopez and Delacruz, the City of Houston violated Plaintiffs' rights under the *Fourth and Fifth Amendments of the Constitution of the United States* and invaded Plaintiffs' home without just or reasonable cause and caused damages to Plaintiffs' property and destruction of the family pet and creation of unnecessary emotional distress.

60. The failure of the City of Houston to train its agents constitutes a deliberate indifference to the rights of Plaintiffs and others with whom the City of Houston's agents come into contact, especially at private homes and residences.

61. As a result of the failure to properly train its agents by the City of Houston, Plaintiffs suffered harm including but not limited to post-traumatic stress and great emotional and mental distress, loss of family relations developed with their beloved dog, as detailed herein, for which Defendants are liable for all pecuniary losses, including, but not limited to, legal and medical expenses incurred; any and all reasonable attorney's fees, pursuant to *42 USC § 1988(b)*; any and all expert fees, pursuant to *42 USC §1988(c)*; and compensatory money damages in an amount exceeding $75,000.00 for mental pain and suffering, property losses, inconvenience, loss of enjoyment of life, and mental and/or emotional distress, humiliation and embarrassment.

**COUNT II**
**42 USC §§ 1983 and 1988**

**DEFENDANTS LOPEZ AND DELACRUZ**
**VIOLATION OF FOURTH AND FIFTH AMENDMENTS**

62. Paragraphs 1 through 61 are incorporated by reference and Plaintiffs re-alleges each allegation set forth above as though fully set forth herein.

63. That Officer Lopez, acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiffs' clearly established constitutional rights when Lopez shot and killed Plaintiffs' dog known as Boss.

64. That Officer Delacruz, acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiffs' clearly established constitutional rights when Delacruz shot and killed Plaintiffs' dog known as Boss.

65. At all times material hereto, Officers Lopez and Delacruz in their as police officers for Defendant City of Houston seized Plaintiffs' residence and their property by use of unreasonable force, while acting under color of law, without a warrant, consent or probable cause or other lawful authority of law and seized and destroyed Plaintiffs' beloved family pet without just or

reasonable cause and with an unjustified use of deadly force.

66. Plaintiffs have a right against unreasonable seizure and destruction of personal property under the *Fourth and Fifth Amendments to the Constitution of the United States* and which is applicable to the State of Texas pursuant to the *Fourteenth Amendment*. Plaintiffs had a clearly defined right to be free from the deprivation of their property without due process of law granted to them by the United States Constitution and the Constitution and statutes of the State of Texas.

67. At the time of the seizure and use of excessive and deadly force, Plaintiffs had not committed any offense in the presence of Defendants and no reasonable grounds existed for a reasonable officer to believe that Plaintiffs had committed any offense. Defendants did not have a warrant to enter into Plaintiffs' property or authority to seize and destroy their property.

68. Officers Lopez and Delacruz acting in the scope of their employment and under color of state law, unlawfully seized Plaintiffs' property by pointing their firearms into the residence and shooting the family pet Boss and thereby seizing control of the property and residence by the unjustified use of unjustified force thereby killing Boss and depriving Plaintiffs of their liberty and freedom of movement and destroying their personal property.

69. Officers Lopez and Delacruz knew or should have known as reasonably trained police officers that they were not authorized to destroy the personal property of a citizen without due process of law.

70. Officers Lopez and Delacruz knew or should have known that no reasonable officer would believe that Plaintiffs or their property, and pet dog in the house, posed a threat to them and other person or the community to warrant the use of deadly force and they had no reason to believe that Plaintiffs were engaged in unlawful activity, or that their dog was a threat, or a vicious dog as defined under the laws of the State of Texas.

71. As a result of Officers Lopez and Delacruz's intentional and/or grossly negligent actions, Officers Lopez and Delacruz unlawfully seized Plaintiffs property violating their rights as guaranteed under the Fourth Fourteenth Amendments, the actions of Officers Lopez and Delacruz are not supported by probable cause or reasonable suspicion, or the authority provided and required under a warrant and the use of deadly force under the circumstances was unreasonable and unjustified.

72. As a result of this unlawful seizure and destruction of property and excessive use of force, Plaintiffs have suffered and will continue to suffer severe emotional and mental distress, property damage to their residence, destruction of their beloved pet Boss. Defendants are jointly and severally liable for all pecuniary losses, including but not limited to, legal and expenses incurred; all future expenses; any and all reasonable attorney's fees, pursuant to *42 U.S.C. § 1988(b)*; any and all expert fees, pursuant to *42 U.S.C. § 1988(c)*; compensatory money damages in excess of $75,000.00 for mental pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and use of their property, and mental and/or emotional distress, humiliation and embarrassment; and punitive money damages in excess of $75,000.00 individually against Officers Lopez and Delacruz.

<u>COUNT III</u>
TEXAS TORT CLAIMS ACT

**DEFENDANT CITY OF HOUSTON'S LIABILITY FOR THE NEGLIGENCE OF DEFENDANTS LOPEZ AND DELACRUZ**

73. Paragraphs 1 through 72 are incorporated by reference and Plaintiffs re-allege each allegation set forth above as though fully set forth herein.

74. Defendant City of Houston is not required to receive notice as a condition precedent to the filing this law suit because the City of Houston and the Houston Police Department had **actual**

**notice** that Plaintiffs' property had been damaged when Plaintiffs filed a complaint with the Internal Affairs Division of the Houston Police Department. *CPRC §101.101(c)*.

75. Defendant City of Houston is liable for damages arising from the exercise of governmental functions which include the exercising of police powers. *CPRC §101.0215(a)(1)*.

76. Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter; and a person having a claim under this chapter may sue a governmental unit for damages allowed by this chapter. *CPRC §101.025*.

77. The City of Houston owed a duty to the public, especially the Plaintiffs, to protect their property from unnecessary or useless destruction or from injury and to not cause unnecessary or excessive injury when acting as a trained professional.

78. Through the use of tangible property, Officers Lopez and Delacruz breached this duty by acting negligently, carelessly, and in reckless disregard for the rights of Plaintiffs and their property by using their department issued guns to shoot and kill the Plaintiffs' beloved family pet, Boss. *Smith v. Tarrant County*, 946 S.W.2d 496, 501 (Tex.App.—Fort Worth 1997, writ denied).

79. Defendants Lopez and Delacruz would otherwise be personally liable. *CPRC §101.021(1)(B)*.

## DAMAGES

80. Paragraphs 1 through 79 are incorporated by reference and Plaintiffs re-allege each allegation set forth above as though fully set forth herein.

81. As a direct and proximate result of the officers' disregard for Plaintiffs' constitutional rights, Plaintiffs suffered the following injuries and damages:

      a. Mental anguish in the past, present and future,
      b. Property damage,
      c. Compensatory Damages.

## PUNITIVE DAMAGES

82. Paragraphs 1 through 81 are incorporated by reference and Plaintiffs re-alleges each allegation set forth above as though fully set forth herein.

83. Plaintiffs are entitled to an award of punitive damages only against the individual Defendants Lopez and Delacruz when their conduct involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade, 461 U.S. 30 (1983).*

84. Defendant Lopez, with reckless or callous indifference to the federally protected rights of Plaintiffs when he fired a weapon into Plaintiffs' home and killed Plaintiffs' dog without just or reasonable cause.

85. Defendant Delacruz, with reckless or callous indifference to the federally protected rights of Plaintiffs when he fired a weapon into Plaintiffs' home and killed Plaintiffs' dog without just or reasonable cause.

## ATTORNEY FEES

86. Plaintiffs are entitled to an award of attorney fees and costs under *42 U.S.C. §1988(b).*

## DELCARATORY AND INJUNCTIVE RELIF

87. That the City of Houston be required to establish a clear policy that includes: (1) mandatory training on dog behavior and how to behave towards a dog, (2) increased utilization of animal control or services, (4) training in appropriate use of non-lethal tools, (5) up-to-date equipment that can be used as an alternative to lethal force, (6) when deadly force is used, a thorough fact-finding investigation must be required, and (7) Internal Affairs should be required to respond to every deadly force incident involving an animal.

## PRAYER

88. For these reasons, Plaintiffs ask for judgment against Defendants, jointly and or severely,

for the following:

    a.    Injunctive relief,

    b.    Actual damages,

    c.    Punitive Damages,

    c.    Reasonable attorney fees,

    d.    Prejudgment and post judgment interest,

    e.    Costs of suit,

    f.    All other relief the Court deems appropriate.

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

89.    Plaintiffs, Wesley and Aisling Jones, assert their rights under the *Seventh Amendment to the U.S. Constitution* and demands, in accordance with *Federal Rule of Civil Procedure 38*, to a trial by jury on all issues.

**Respectfully submitted,**

By:    /s/ Mark A. Morasch
Mark A. Morasch
Texas Bar No.: 24039833
550 Westcott Street, Suite 449
Houston, Texas 77007
Telephone: (713) 880-1118
Facsimile: (713) 880-0811

/s/ David J. Batton
David J. Batton
Oklahoma Bar No.: 11750
P.O. Box 5732
Norman, OK 73070
Telephone: (405) 310-3432
Facsimile: (405) 321-5851

*Attorneys for Plaintiffs*

## CERTIFICATE OF DELIVERY

This is to certify that on this 28th day of April, 2015, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the District Court using the CM/ECF system as well as electronic mail, which completed service on the interested parties registered with the system in this matter.

**Van Gardner**
Van.gardner@houstontx.gov

**Carmen Jo Rejda-Ponce**
cj.rejda-ponce@houstontx.gov

**City of Houston Legal Department**
900 Bagby, 3rd Floor
Houston, Texas 77001-0368

/s/ David J. Batton
**David J. Batton**